# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2538-PLC |
| | ) | |
| STONECREST AT CLAYTON VIEW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of pro se plaintiff Ashley Porter for leave to proceed in forma pauperis in this employment discrimination action. Having reviewed the motion and the financial information therein, the Court has determined to grant the motion. Additionally, the Court will direct plaintiff to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this lawsuit on September 10, 2019 by filing an employment discrimination complaint against defendant Stonecrest at Clayton View. The complaint is on a Court-provided form, as required. Plaintiff placed check marks indicating she brings this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. She placed a check mark indicating she believes she was discriminated against because of her race, but did not place a check mark indicating she believes she was discriminated against on the basis

of a disability. Plaintiff avers that the discrimination occurred the morning of November 29, 2018. However, she left blank the space provided for her to state the facts of her claim and describe the conduct she believed was discriminatory. She also left blank the space provided for her to describe the relief she seeks from this Court.

Plaintiff attached a copy of the administrative charge she filed with the Missouri Commission on Human Rights (MCHR). Therein, plaintiff described incidents that occurred in June, July, November and December of 2018, and claimed she was terminated because of her race, Black. She alleged no adverse employment action on the basis of disability. Plaintiff also attached a copy of the right-to-sue letter she received from the Equal Employment Opportunity Commission (EEOC), dated September 3, 2019. It therefore appears plaintiff has timely brought this action.

## Discussion

The complaint is subject to dismissal because plaintiff has not alleged facts in support of the claims she wishes to bring before this Court. Simply checking boxes is insufficient. Even pro se plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone,* 364 F.3d at 914-15.

In consideration of plaintiff's pro se status, the Court will give her the opportunity to file an amended complaint to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims. Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

The amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

If plaintiff wishes to assert claims under Title VII for race discrimination, she must state what her race is and then carefully describe the adverse employment action she believes was taken and why it amounted to race discrimination. She must also file copies of her administrative charge and her EEOC right-to-sue letter. Plaintiff is reminded that the claims she brings before this Court must be like or reasonably related to the claims she described in her administrative charge, or they may be dismissed.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days to file an amended complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must provide plaintiff with a copy of the Court's employment discrimination complaint form.

4

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of September, 2019