# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ASHLEY PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2538-PLC |
| | ) | |
| STONECREST AT CLAYTON VIEW, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Ashley Porter, who is proceeding herein pro se and in forma pauperis. For the reasons explained below, plaintiff will be given the opportunity to file a second amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-

73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff initiated this lawsuit on September 10, 2019 by filing an employment discrimination complaint against defendant Stonecrest at Clayton View. She sought and was granted leave to proceed in forma pauperis. Upon initial review, the Court determined that the complaint was subject to dismissal because plaintiff alleged no facts in support of her claims. In an order dated September 12, 2019, the Court directed plaintiff to file an amended complaint. In so doing, the Court clearly explained to plaintiff why her complaint was subject to dismissal, and clearly instructed her regarding how to prepare the amended complaint. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

## The Amended Complaint

The amended complaint is on a court-provided form, as required. Plaintiff did not indicate the basis of her lawsuit, but she checked a box indicating she believed she suffered discrimination on the basis of her race. The Court can therefore presume that plaintiff filed the amended complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* for employment discrimination on the basis of race.

Plaintiff avers she exhausted her administrative remedies, but she did not attach copies of the relevant documents. When she filed the original complaint, plaintiff did attach a copy of the administrative charge she filed with the Missouri Commission on Human Rights (MCHR), and a copy of the right-to-sue letter she received from the Equal Employment Opportunity Commission ("EEOC") dated September 3, 2019.

Plaintiff indicates the alleged discrimination occurred on the morning of November 29, 2018. However, as in the original complaint, she left blank the space provided for her to state the facts of her claim. She also once again left blank the space provided for her to describe the relief she seeks from this Court.

Attached to the amended complaint are copies of disciplinary forms, and plaintiff's February 18, 2019 handwritten statement. In the statement, plaintiff describes a November 29, 2018 incident that occurred while she was working, and the disciplinary action that followed. Plaintiff then writes: "that is all a lie another employee that works there now will tell you that I followed the proper [procedure] actions at work and was not on a one on one." The statement contains no allegations that plaintiff suffered employment discrimination on the basis of her race. Instead, the statement can be understood to allege that plaintiff's employer was wrong to discipline her because she followed proper procedure.

**Discussion**

The amended complaint is subject to dismissal because plaintiff has not alleged facts in support of her claim that she suffered employment discrimination on the basis of her race, or any other basis. Simply checking the box marked "race" is insufficient. Even pro se plaintiffs are required to allege facts in support of their claims, and courts will not assume facts that are not alleged. *See Stone,* 364 F.3d at 914-15. Additionally, plaintiff failed to attach a copy of her administrative charge and the right-to-sue letter she received from the EEOC, even though the Court previously instructed her to do so. Plaintiff also failed to explain what relief she seeks from this Court.

In consideration of plaintiff's pro se status, the Court will give her the opportunity to file a second amended complaint to clearly set forth the claims she wishes to bring before this Court and the factual allegations in support of those claims. Plaintiff is advised that the second amended complaint will replace the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff must submit the second amended complaint on a court-provided form, which will be provided to her. She must comply with the Federal Rules of Civil Procedure, including Rule 8, which requires her to set forth a short and plain statement of the claim showing entitlement to relief. It is not enough to simply check a box indicating employment discrimination on the basis of race. Instead, plaintiff must allege, in the second amended complaint, facts that explain why she believes she was subjected to such discrimination. The Court's employment discrimination complaint form provides a place for plaintiff to write this information. Plaintiff must also state what relief she seeks from this Court. The Court's employment discrimination complaint form provides a place for plaintiff to write this information.

Plaintiff must also file, with the second amended complaint, copies of her administrative charge and her EEOC right-to-sue letter. Plaintiff is reminded that the claims she brings before this Court must be like or reasonably related to the claims she described in her administrative charge, or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty days to file a second amended complaint along with the required documents. Upon receipt of the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form in accordance with this order within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely file a second amended complaint in compliance with this order will result in the dismissal of this case without prejudice and without further notice.**

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of November, 2019