**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ASHLEY PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-2538-PLC |
| | ) |
| STONECREST AT CLAYTON VIEW, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Ashley Porter's second amended complaint. For the reasons explained below, the Court will allow this case to proceed against the defendant. The Court will also deny plaintiff's motion to appoint counsel, without prejudice.

Plaintiff filed the second amended complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. for employment discrimination on the basis of race. Plaintiff alleges she was terminated following an incident that occurred on November 29, 2018. On January 29, 2019 plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights. *See* ECF No. 1, attch 1. Therein, plaintiff described an incident with a resident that occurred on November 29, 2018, and stated she believed she was "terminated due to [her] race, Black." *Id.* Plaintiff also described an incident in which White employees were treated differently than Black employees. On September 3, 2019, the Equal Employment Opportunity Commission sent plaintiff a Dismissal and Notice of Rights, giving her ninety days in which to file a lawsuit under federal law. *See* ECF No. 1, attch 2. Plaintiff filed this action on September 10, 2019. It therefore appears that plaintiff's lawsuit is timely, and that she has exhausted her administrative remedies. The Court will therefore allow this case to proceed against Stonecrest of Clayton View.

Plaintiff has also filed a motion for the appointment of counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present her claims. *Id.* After considering these factors, the Court concludes that the appointment of counsel is not warranted at this time. Based upon the second amended complaint, it does not appear that this case is factually or legally complex, nor does it appear that plaintiff will be unable to investigate the facts or clearly present her claims. In addition, the motion is premature, as the defendant has yet to be served with process and discovery has not begun. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process or cause process to issue upon the second amended complaint as to defendant Stonecrest at Clayton View, 8825 Eager Road, Saint Louis, MO 63144.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of November, 2019