UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY PORTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-02538 SEP |
| ) | |
| STONECREST OF CLAYTON VIEW ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Ashley Porter ("Plaintiff") filed this pro se employment discrimination suit against Defendant Stonecrest of Clayton View ("Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* Defendant filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. Doc. [29]. Plaintiff did not respond to Defendant's Motion to Dismiss, and the time to do so has passed. For the reasons stated below, the Court will grant Defendant's Motion to Dismiss.

### Background

Plaintiff initially filed this action on September 10, 2019. Doc. [1]. Her Complaint was on the court-provided employment discrimination form, and Plaintiff placed check marks on the form indicating that she believed she was discriminated against because of her race. However, she left blank the space provided for her to state the facts of her claim and describe the conduct she believed to be discriminatory. She also left blank the space provided for her to describe the relief she sought from this Court. Upon review of Plaintiff's original Complaint, the Court found that it was subject to dismissal as filed, but, in light of Plaintiff's pro se status, the Court

granted her the opportunity to file an amended complaint to address the various deficiencies. *See* Doc. [5]. In the Court's Memorandum and Order, dated September 12, 2019, the Court noted that simply checking boxes is not sufficient to state a claim, and instructed Plaintiff as follows:

> The amended complaint will replace the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires Plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires Plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.
>
> If Plaintiff wishes to assert claims under Title VII for race discrimination, she must state what her race is and then carefully describe the adverse employment action she believes was taken and why it amounted to race discrimination. She must also file copies of her administrative charge and her EEOC Right-to-Sue letter. Plaintiff is reminded that the claims she brings before this Court must be like or reasonably related to the claims she described in her administrative charge, or they may be dismissed.

Doc. [5] at 4.

Plaintiff subsequently filed her Amended Complaint, Doc. [7], in which she again left blank the space provided for her to state the facts of her claim, as well as the space provided to describe the relief sought from the Court. Upon review of the Amended Complaint, the Court issued a Memorandum and Order, dated November 1, 2019, again explaining why the Amended Complaint was subject to dismissal, granting Plaintiff leave to amend her Amended Complaint, and carefully and clearly instructing her regarding how to prepare her Second Amended Complaint. *See* Doc. [9].

Plaintiff filed her Second Amended Complaint on November 8, 2019. Doc. [10]. Her

Second Amended Complaint was on the court-provided employment discrimination form, and Plaintiff again placed check marks on the form indicating that she was suing under Title VII, and that she believed she was discriminated against because of her race.  In the space provided to state the essential facts of her claim, Plaintiff described an incident that occurred on November 29, 2018, when she was employed by Defendant as an assistant in a long-term care facility.  *Id*. at 5-6.  Plaintiff stated that, during her morning rounds, she found a resident experiencing breathing difficulty.  *Id*.  Plaintiff asked another employee to call the paramedics, and the resident was transported to a hospital.  *Id*.  Plaintiff further stated that she was called to the office to describe her version of the events that had just occurred.  *Id*.  Plaintiff alleged that she was suspended later that day, and that on December 13, 2018, she received a disciplinary action form that she asserts was "all a lie," and that she had followed all proper workplace procedures.  *Id*. at 7.

On March 21, 2020, Plaintiff filed her Third Amended Complaint, Doc. [28], which is the target of Defendant's Motion to Dismiss.  Her Third Amended Complaint is not on the court-provided employment discrimination form, does not allege the basis for this Court's jurisdiction, fails to state under what federal statute she wishes to proceed, does not state what relief she seeks, and does not allege any sort of discrimination, race-based or otherwise.  The statement of her claim in the Third Amended Complaint alleges that she was wrongfully terminated by Defendant on November 29, 2018.  *Id*. at 5.  Plaintiff alleges that her dismissal was based on a lie and was "all because I saved a Black sister's life."  *Id*.  She further alleges that she endured pain and suffering, because she was without employment for five months, during which time she was building a house and helping her daughter complete high school.  *Id*.

Defendant moves to dismiss Plaintiff's Third Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to allege facts sufficient to show she is entitled to relief on her claim.  Defendant also moves to dismiss Plaintiff's Third

Amended Complaint under Rules 12(b)(1) and (2), alleging that Plaintiff fails to adequately plead that the Court has subject-matter and personal jurisdiction.  Finally, Defendant moves to dismiss Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), under which a court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

## Discussion

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion, the Court assumes the factual allegations of the complaint are true and construes them in Plaintiff's favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  But the Court is not bound to accept as true a legal conclusion couched as a factual allegation.  *Id.* at 555.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'"  *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).  More than labels and conclusions are required.  *Twombly*, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A civil rights complaint must contain facts that state a claim as a matter of law and must not be conclusory.  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

When reviewing a pro se complaint, the Court must give it the benefit of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits her claim to be considered within the proper legal framework. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts that, if true, state a claim for relief as a matter of law. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that a court must interpret procedural rules in ordinary civil litigation in such a manner as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

To establish a prima facie case of race discrimination against her employer, a plaintiff must show that she was a member of a protected class, that she met the employer's legitimate employment expectations, that she suffered an adverse employment action, and that the circumstances give rise to an inference of discrimination based on race. *See City of Blytheville, Ark.,* 841 F.3d 767, 773 (8th Cir. 2016).

In her Third Amended Complaint, Plaintiff did not use the court-provided form for employment discrimination and therefore did not check a box to indicate an allegation of race discrimination. Additionally, the Third Amended Complaint contains no factual allegations whatsoever suggesting that her race, or any other discriminatory motive, had anything to do with her termination. *See Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (conclusory allegation of discrimination insufficient to state Title VII claim), *cited with approval in Hager v. Arkansas Dep't of Health,* 735 F.3d 1009, 1015 (8th Cir. 2013).

Lacking any factual allegations to support a claim that Plaintiff was discriminated against because of her race, Plaintiff's claim must be dismissed.  Because the Court determines that Plaintiff's Third Amended Complaint will be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court need not reach Defendant's alternative arguments that her Complaint must be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and (2), or pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [29], is **GRANTED**.  A separate Order of Dismissal will be entered this same date.

Dated this 1st day of September, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE